**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **TREMAINE MANLEY,** | |
|      **Plaintiff,** | |
| **v.** | **Civil Action No. 4:25-cv-01810** |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | |
|      **Defendant.** | |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Experian Information Solutions, Inc. (hereinafter "Experian"), by and through the undersigned counsel, responds to the Complaint ("Complaint") filed by Plaintiff Tremaine Manley ("Plaintiff") as follows.

By adopting the headings set forth in the Complaint for organizational purposes only, Experian does not admit any of the allegations set forth therein.

**INTRODUCTION**

In response to Plaintiff's first unnumbered paragraph of the Complaint, without conceding whether or not Plaintiff states any viable claim for relief, Experian admits that the Complaint purports to state claims for violations of the Fair Credit Reporting Act ("FCRA"). Experian denies that it has violated the FCRA, or any other law and denies that it is liable to Plaintiff for any damages or costs. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation of the first unnumbered paragraph of the Complaint.

In response to Plaintiff's second unnumbered paragraph of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues

consumer reports as defined by 15 U.S.C. § 1681a(d).  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of the second unnumbered paragraph of the Complaint.

In response to Plaintiff's third unnumbered paragraph of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of the third unnumbered paragraph of the Complaint.

In response to Plaintiff's fourth unnumbered paragraph of the Complaint, Experian admits that a dispute was received from Plaintiff via the internet in April of 2024 as opposed to being a mailed letter from Plaintiff. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of the fourth unnumbered paragraph of the Complaint.

In response to Plaintiff's fifth unnumbered paragraph of the Complaint, Experian admits Experian sent a letter to Plaintiff in March of 2025 in response to correspondence purporting to be from Plaintiff. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of the fifth unnumbered paragraph of the Complaint.

In response to Plaintiff's sixth unnumbered paragraph of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

In response to Plaintiff's seventh unnumbered paragraph of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

In response to Plaintiff's eighth unnumbered paragraph of the Complaint, Experian admits that Plaintiff brings this action alleging violation of 15 U.S.C. § 1681 *et seq.* ("FCRA").  Experian states that this is a legal conclusion which is not subject to denial or admission. Experian denies

that it has violated the FCRA, or any other law and denies that it is liable to Plaintiff for any damages or costs. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation of Plaintiff's eighth unnumbered paragraph of the Complaint.

In response to Plaintiff's ninth unnumbered paragraph of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

In response to Plaintiff's tenth unnumbered paragraph of the Complaint, Experian admits that Plaintiff brings this action to request the Court to enforce his rights. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of the Plaintiff's tenth unnumbered paragraph of the Complaint.

**JURISDICTION AND VENUE**

In response to Plaintiff's eleventh unnumbered paragraph of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, and 28 U.S.C. § 1331. Experian states that this is a legal conclusion which is not subject to denial or admission.

In response to Plaintiff's twelfth unnumbered paragraph of the Complaint, Experian admits that Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b). Experian states that this is a legal conclusion which is not subject to denial or admission.

In response to Plaintiff's thirteenth unnumbered paragraph of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on the Fair Credit Reporting Act, 15 U.S.C. § 1681p. Experian states that this is a legal conclusion which is not subject to denial or admission.

In response to Plaintiff's fourteenth unnumbered paragraph of the Complaint, Experian admits that Plaintiff has alleged jurisdiction and venue. Experian states that this is a legal conclusion which is not subject to denial or admission.

## PARTIES

1.        In response to paragraph 1 of the Complaint, Experian admits that Plaintiff alleges he is a consumer as defined under 15 U.S.C. § 1681a(c).    Experian states that this is a legal conclusion which is not subject to denial or admission. As to the other allegations in paragraph 1 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of paragraph 1 of the Complaint.

2.        In response to paragraph 2 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).  Experian admits that it does business in Texas and its registered agent is CT Corporation System at 199 Bryan Street, Suite 900, Dallas, TX 75201.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 2 of the Complaint.

3.        In response to paragraph 3 of the Complaint, Experian admits that it is authorized to do business in Texas.   Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 3 of the Complaint.

## FACTUAL ALLEGATIONS

In response to Plaintiff's fifteenth unnumbered paragraph of the Complaint, Experian admits that Plaintiff brings this action alleging violation of 15 U.S.C. § 1681 *et seq.*   Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages.

In response to Plaintiff's sixteenth unnumbered paragraph of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation in the Plaintiff's sixteenth unnumbered paragraph of the Complaint.

In response to Plaintiff's seventeenth unnumbered paragraph of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of the seventeenth unnumbered paragraph of the Complaint.

In response to Plaintiff's fourth unnumbered paragraph of the Complaint, Experian admits that a dispute was received from Plaintiff via the internet in April of 2024 as opposed to being a mailed letter from Plaintiff. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of the fourth unnumbered paragraph of the Complaint.

In response to Plaintiff's nineteenth unnumbered paragraph of the Complaint, Experian admits Experian sent a letter to Plaintiff in March of 2025, in response to a 2025 dispute.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of the nineteenth unnumbered paragraph of the Complaint.

In response to Plaintiff's twentieth unnumbered paragraph of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

In response to Plaintiff's twenty-first unnumbered paragraph of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

In response to Plaintiff's twenty-second unnumbered paragraph of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of the twenty-second unnumbered paragraph of the Complaint.

In response to Plaintiff's twenty-third unnumbered paragraph of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained therein and, on that basis, denies, generally and specifically, each and every allegation of the twenty-third unnumbered paragraph of the Complaint.

In response to Plaintiff's twenty-fourth unnumbered paragraph of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

In response to Plaintiff's twenty-fifth unnumbered paragraph of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of the twenty-fifth unnumbered paragraph of the Complaint.

In response to Plaintiff's twenty-sixth unnumbered paragraph of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of the twenty-sixth unnumbered paragraph of the Complaint.

In response to Plaintiff's twenty-seventh unnumbered paragraph of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

In response to Plaintiff's twenty-eighth unnumbered paragraph of the Complaint, Experian states that this is a legal conclusion which is not subject to admission or denial.

**EXHIBIT A – DISPUTE LETTER SENT TO EXPERIAN ON APRIL 4, 2024**

In response to Exhibit A of the Complaint, Experian admits that Exhibit A purports to be a dispute from Plaintiff to Experian but denies that the dispute is a letter that was mailed on April 4, 2024. Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations in Exhibit A of the Complaint and therefore denies the same.

**EXHIBIT B – EXPERIAN'S RESPONSE[1] DATED MARCH 26, 2025**

In response to Exhibit B of the Complaint, Experian admits that Exhibit B purports to be a response from Experian to Plaintiff. Experian denies, generally and specifically, each and every allegation contained therein as no Exhibit B or any response from Experian is attached to the Complaint.

**EXHIBIT C – DECLARATION OF TREMAINE MANLEY UNDER PENALTY OF PERJURY**

In response to Exhibit C of the Complaint, Experian admits that Exhibit C purports to be a declaration of Tremaine Manley under penalty of perjury. Experian denies, generally and specifically, each and every allegation contained therein as the declaration is not signed nor dated by the Plaintiff.

**CASE LAW SUMMARY 1:** *Cushman v. Trans Union Corp.,* **115 F. 3d 220 (3d Cir. 1997)**

In response to Case Law Summary 1 of the Complaint, Experian admits that Plaintiff has alleged his own characterization of *Cushman v. Trans Union Corp.,* 115 F. 3d 220 (3d Cir. 1997). Experian affirmatively states that the cases referenced speak for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of Case Law Summary 1 inconsistent therewith.

**CASE LAW SUMMARY 2:** *Dalton v. Capital Associated Industries, Inc.,* **257 F.3d 407 (4th Cir. 2001)**

In response to Case Law Summary 2 of the Complaint, Experian admits that Plaintiff has alleged his own characterization of *Dalton v. Capital Associated Industries, Inc.,* 257 F.3d 407 (4th Cir. 2001). Experian affirmatively states that the cases referenced speak for itself as to its claims,

---

[1] By adopting the formatting and terminology of the Plaintiff's Complaint, Experian is not admitting the implied characterizations of the language. Experian denies that the March 2025 letter to the Plaintiff was in response to the April 2024 dispute.

defenses, and legal effect, and on that basis, denies any allegations of Case Law Summary 2 inconsistent therewith.

**CASE LAW SUMMARY 3:** *Sloane v. Equifax Information Services, LLC*, **510 F.3d 495 (4th Cir. 2007)**

In response to Case Law Summary 3 of the Complaint, Experian admits that Plaintiff has alleged his own characterization of *Sloane v. Equifax Information Services, LLC*, 510 F.3d 495 (4th Cir. 2007). Experian affirmatively states that the cases referenced speak for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of Case Law Summary 3 inconsistent therewith.

**CASE LAW SUMMARY 4:** *Richardson v. Equifax Information Services, LLC,* **No. 3:05-CV-239, 2006 WL 3190524 (E.D. Tex. Nov. 2, 2006)**

In response to Case Law Summary 4 of the Complaint, Experian admits that Plaintiff has alleged his own characterization of *Richardson v. Equifax Information Services, LLC,* No. 3:05-CV-239, 2006 WL 3190524 (E.D. Tex. Nov. 2, 2006). Experian affirmatively states that the case referenced speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of Case Law Summary 4 inconsistent therewith.

**CASE LAW SUMMARY 5:** *Guimond v. Trans Union Credit Information, Co*., **45 F.3d 1329 (9th Cir. 1995)**

In response to Case Law Summary 5 of the Complaint, Experian admits that Plaintiff has alleged his own characterization of *Guimond v. Trans Union Credit Information, Co*., 45 F.3d 1329 (9th Cir. 1995). Experian affirmatively states that the case referenced speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of Case Law Summary 5 inconsistent therewith.

**CASE LAW SUMMARY 6: *Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010)**

In response to Case Law Summary 6 of the Complaint, Experian admits that Plaintiff has alleged his own characterization of *Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010). Experian affirmatively states that the case referenced speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of Case Law Summary 6 inconsistent therewith.

**CASE LAW SUMMARY 7: *Taylor v. Tenant Tracker, Inc.*, 710 F.3d 824 (8th Cir. 2013)**

In response to Case Law Summary 7 of the Complaint, Experian admits that Plaintiff has alleged his own characterization of *Taylor v. Tenant Tracker, Inc.*, 710 F.3d 824 (8th Cir. 2013). Experian affirmatively states that the case referenced speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of Case Law Summary 7 inconsistent therewith.

**CASE LAW SUMMARY 8: *Millstone v. O'Hanlon Reports, Inc*., 528 F.2d 829 (8th Cir. 1976)**

In response to Case Law Summary 8 of the Complaint, Experian admits that Plaintiff has alleged his own characterization of *Millstone v. O'Hanlon Reports, Inc*., 528 F.2d 829 (8th Cir. 1976). Experian affirmatively states that the case referenced speaks for itself as to its claims, defenses, and legal effect, and on that basis, denies any allegations of Case Law Summary 8 inconsistent therewith.

**SUPPLEMENTAL IMPACT NARRATIVE: Credit Denials, Calls, and Business Goals**

In response to Plaintiff's twenty-ninth unnumbered paragraph of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of the Plaintiff's twenty-ninth unnumbered paragraph of the Complaint.

In response to Plaintiff's thirtieth unnumbered paragraph of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of the Plaintiff's thirtieth unnumbered paragraph of the Complaint.

In response to Plaintiff's thirty-first unnumbered paragraph of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of the Plaintiff's thirty-first unnumbered paragraph of the Complaint.

In response to Plaintiff's thirty-second unnumbered paragraph of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of the Plaintiff's thirty-second unnumbered paragraph of the Complaint.

In response to Plaintiff's thirty-third unnumbered paragraph of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of the Plaintiff's thirty-third unnumbered paragraph of the Complaint.

In response to Plaintiff's thirty-fourth unnumbered paragraph of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of the Plaintiff's thirty-fourth unnumbered paragraph of the Complaint.

In response to Plaintiff's thirty-fifth unnumbered paragraph of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained therein and, on that basis, denies, generally and specifically, each and every allegation of the Plaintiff's thirty-fifth unnumbered paragraph of the Complaint.

In response to Plaintiff's thirty-sixth unnumbered paragraph of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of the Plaintiff's thirty-sixth unnumbered paragraph of the Complaint.

In response to Plaintiff's thirty-seventh unnumbered paragraph of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of the Plaintiff's thirty-seventh unnumbered paragraph of the Complaint.

In response to Plaintiff's thirty-eighth unnumbered paragraph of the Complaint, Experian denies that it violated the FCRA. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of the Plaintiff's thirty-eighth unnumbered paragraph of the Complaint.

## PROPOSED DAMAGES CHART

In response to Plaintiff's thirty-ninth unnumbered paragraph of the Complaint, Experian admits that the Complaint seeks entitlement to damages under *Sloane v. Equifax Information Services, LLC*, 510 F.3d 495 (4th Cir. 2007), *Guimond v. Trans Union Credit Information, Co*., 45 F.3d 1329 (9th Cir. 1995),  and 15 U.S.C. §§ 1681n and 1681o. Experian affirmatively states that the cases and statutes referenced speak for themselves as to its claims, defenses, and legal effect, and on that basis, denies any allegations inconsistent therewith. Experian denies that it violated the FCRA. Experian further denies Plaintiff suffered any damages as a result of Experian's conduct,

action, or inaction or is entitled to any recovery whatsoever from Experian. Experian further denies, generally and specifically, each and every allegation of the Plaintiff's thirty-ninth unnumbered paragraph.

## ARGUMENT FOR PUNITIVE DAMAGES

In response to Plaintiff's fortieth unnumbered paragraph of the Complaint, Experian admits that Plaintiff has alleged entitlement to punitive damages under *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007), *Sloane v. Equifax Information Services, LLC*, 510 F.3d 495 (4th Cir. 2007), *Millstone v. O'Hanlon Reports, Inc*., 528 F.2d 829 (8th Cir. 1976), *Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010), *Richardson v. Equifax Information Services, LLC*, No. 3:05-CV-239, 2006 WL 3190524 (E.D. Tex. Nov. 2, 2006), *Cushman v. Trans Union Corp.*, 115 F. 3d 220 (3d Cir. 1997) and 15 U.S.C. §§ 1681n(a)(2), 1681i(a), 1681e(b). Experian affirmatively states that the cases and statutes referenced speak for themselves as to its claims, defenses, and legal effect, and on that basis, denies any allegations inconsistent therewith. Experian denies that it violated the FCRA. Experian further denies Plaintiff suffered any damages as a result of Experian's conduct, action, or inaction or is entitled to any recovery whatsoever from Experian. Experian further denies, generally and specifically, each and every allegation in the Plaintiff's fortieth unnumbered paragraph.

## PROPOSED JURY INSTRUCTION ON LIABILITY AND DAMAGES

## INSTRUCTION NO. 1 – FCRA VIOLATION STANDARD

In response to Instruction No. 1 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of Instruction No. 1 inconsistent therewith. Furthermore, Experian objects to the

inclusion of jury instructions as part of the Complaint. Experian denies that it violated the FCRA. Experian further denies Plaintiff suffered any damages as a result of Experian's conduct, action, or inaction or is entitled to any recovery whatsoever from Experian.

## INSTRUCTION NO. 2 – ACTUAL DAMAGES

In response to Instruction No. 2 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of Instruction No. 2 inconsistent therewith. Furthermore, Experian objects to the inclusion of jury instructions as part of the Complaint. Experian denies that it violated the FCRA. Experian further denies Plaintiff suffered any damages as a result of Experian's conduct, action, or inaction or is entitled to any recovery whatsoever from Experian.

## INSTRUCTION NO. 3 – STATUTORY DAMAGES

In response to Instruction No. 3 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of Instruction No. 3 inconsistent therewith. Furthermore, Experian objects to the inclusion of jury instructions as part of the Complaint. Experian denies that it violated the FCRA. Experian further denies Plaintiff suffered any damages as a result of Experian's conduct, action, or inaction or is entitled to any recovery whatsoever from Experian.

## INSTRUCTION NO. 4 – WILLFUL VIOLATIONS AND PUNITIVE DAMAGES

In response to Instruction No. 4 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies

any allegations of Instruction No. 4 inconsistent therewith.  Furthermore, Experian objects to the inclusion of jury instructions as part of the Complaint. Experian denies that it violated the FCRA. Experian further denies Plaintiff suffered any damages as a result of Experian's conduct, action, or inaction or is entitled to any recovery whatsoever from Experian.

### INSTRUCTION NO. 5 – BURDEN OF PROOF

In response to Instruction No. 5 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act.  Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of Instruction No. 5 inconsistent therewith.  Furthermore, Experian objects to the inclusion of jury instructions as part of the Complaint. Experian denies that it violated the FCRA. Experian further denies Plaintiff suffered any damages as a result of Experian's conduct, action, or inaction or is entitled to any recovery whatsoever from Experian.

### CONCLUSION AND CLOSING STATEMENT

In response to the conclusion and closing statement of the Complaint, Experian admits that Plaintiff has argued the relevance of *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007), *Sloane v. Equifax Information Services, LLC*, 510 F.3d 495 (4th Cir. 2007), *Millstone v. O'Hanlon Reports, Inc*., 528 F.2d 829 (8th Cir. 1976), *Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010), *Richardson v. Equifax Information Services, LLC,* No. 3:05-CV-239, 2006 WL 3190524 (E.D. Tex. Nov. 2, 2006), *Cushman v. Trans Union Corp.,* 115 F. 3d 220 (3d Cir. 1997) and 15 U.S.C. § 1681 *et seq.* Experian affirmatively states that the cases and statutes referenced speak for themselves as to its claims, defenses, and legal effect, and on that basis, denies any allegations inconsistent therewith. Experian denies that it violated the FCRA. Experian further denies Plaintiff suffered any damages as a result of Experian's conduct, action, or inaction or is entitled to any

recovery whatsoever from Experian. Experian further denies, generally and specifically, each and every allegation in Plaintiff's conclusion and closing statement.

## <u>AFFIRMATIVE DEFENSES</u>

Experian hereby sets forth the following affirmative defenses to the Complaint.

### <u>FIRST AFFIRMATIVE DEFENSE</u>
### (Failure To State a Claim)

Plaintiff's claims fail to the extent that the Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### <u>SECOND AFFIRMATIVE DEFENSE</u>
### (Truth/Accuracy of Information)

Plaintiff's claims fail to the extent that they are barred because the information Experian communicated to any third person regarding Plaintiff was true.

### <u>THIRD AFFIRMATIVE DEFENSE</u>
### (Compliance/Good Faith)

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Experian acted in good faith and complied fully with the FCRA and relevant state laws.

### <u>FOURTH AFFIRMATIVE DEFENSE</u>
### (Failure To Mitigate Damages)

Plaintiff's claims fail to the extent that they are barred, in whole or in part, because Plaintiff has failed to mitigate his/her damages.

## FIFTH AFFIRMATIVE DEFENSE
**(Intervening Superseding Cause)**

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Experian continues to deny, were the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

## SIXTH AFFIRMATIVE DEFENSE
**(Proximate Cause)**

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

## SEVENTH AFFIRMATIVE DEFENSE
**(Set-Off/Recoupment)**

Plaintiff's claims fail to the extent that they are barred or limited, in whole or in part, under the principle of set-off and recoupment for damages or settlement amount from others.

## EIGHTH AFFIRMATIVE DEFENSE
**(Punitive Damages)**

Plaintiff cannot recover against Experian to the extent that his Complaint fails to state a claim for relief for punitive damages. Additionally, Plaintiff cannot recover punitive damages against Experian to the extent that such an award would violate Experian's constitutional rights under the Constitution of the United States of America and the Constitution of the State of Texas.

## NINTH AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

Experian is informed and believes and thereon alleges that all claims for relief [or specific claims] in the Complaint herein may be barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p

## TENTH AFFIRMATIVE DEFENSE
**(Laches)**

Plaintiff cannot recover against Experian to the extent that the Complaint and each claim for relief is barred by laches.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff cannot recover any damages that he/she may have suffered, which Experian continues to deny, to the extent that they were the direct and proximate result of the conduct of Plaintiff. Under such circumstances, Plaintiff would be estopped and barred from recovery of any damages from Experian.

## TWELFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The Complaint and each claim for relief therein that seeks equitable relief fails to the extent that it violates the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Arbitration)

Plaintiff's claims are barred to the extent they are subject to a valid and binding arbitration agreement.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

Dated: June 26, 2025

*/s/ Steven R. Zahn*
Steven R. Zahn
FBN.: 1171830
SBN: 43332-VA
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
steve.zahn@troutman.com
Telephone: 757-687-7589
Facsimile: 757-687-7510

*Counsel for Experian Information Solutions, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on June 26, 2025 I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system, and served via e-mail and regular mail upon:

Tremaine Manley
3019 Poe Road
Houston, TX 77051
832-348-0649
*Pro Se Plaintiff*

*/s/ Steven R. Zahn*
Steven R. Zahn

316665749