UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JUL 0 3 2025

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| TREMAINE MANLEY<br>Plaintiff<br><br>Vs<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br>Defendant | §<br>§<br>§<br>§  Civil Action No. 4:25-cv-01810<br>§<br>§<br>§<br>§<br>§ |

### PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S THIRTEENTH AFFIRMATIVE DEFENSE (ARBITRATION)

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff **Tremaine Manley**, proceeding pro se, respectfully moves the Court to strike the **Thirteenth Affirmative Defense** raised by Defendant **Experian Information Solutions, Inc.** ("Experian") in its Answer [Dkt. 11], pursuant to **Federal Rule of Civil Procedure 12(f)**. In support of this motion, Plaintiff states the following:

## I. INTRODUCTION

Experian asserted in its Answer an affirmative defense that "Plaintiff's claims are barred to the extent they are subject to a valid and binding arbitration agreement." (Answer at ¶ Thirteenth Affirmative Defense). This defense is speculative, conclusory, and lacks any factual foundation. Plaintiff has not entered into any agreement—written, oral, or implied—with Experian containing an arbitration clause.

## II. ARGUMENT

Under **Federal Rule of Civil Procedure 12(f)**, a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts routinely strike affirmative defenses that are **insufficient as a matter of law**, or **lack factual basis**. See *Microsoft Corp. v. CMOS Techs., Inc.*, 872 F. Supp. 1329, 1339 (D.N.J. 1994).

Experian has provided **no arbitration agreement** or even alleged that one exists between the parties. It is well established that **credit reporting agencies like Experian do not have general arbitration**

**rights against consumers** unless the consumer affirmatively agrees to one, typically through a third-party agreement such as a lender or credit card company.

Furthermore, the burden of proving the existence of a valid arbitration agreement rests with the party seeking enforcement. See *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 66 (2010). As no such agreement has been identified, much less produced, this defense is **legally deficient** and should be stricken.

## III. CONCLUSION

Because Experian's arbitration defense is speculative and unsupported by any allegation or evidence of a binding agreement between the parties, it should be stricken as an insufficient defense under Rule 12(f).

## PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court **strike Experian's Thirteenth Affirmative Defense** from its Answer, and grant such other relief as the Court deems just and proper.

Respectfully submitted,
/s/ **Tremaine Manley**
Tremaine Manley
Pro Se Plaintiff
3019 POE RD
HOUSTON TX 77051
Phone: 832-348-0649
Email: Proselegalteamlawsuit@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**TREMAINE MANLEY**
**Plaintiff**

Vs

**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**Defendant**

§
§
§
§
§
§
§
§
§
§
§

Civil Action No. 4:25-cv-01810

## CERTIFICATE OF SERVICE

I hereby certify that on [Insert Date], I served a true and correct copy of the foregoing Plaintiff's Motion to Strike Defendant's Thirteenth Affirmative Defense (Arbitration), including all attachments and the proposed order, by:

(1) U.S. Mail, postage prepaid, to:

Steven R. Zahn
Troutman Pepper Locke LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454

AND

(2) Electronic mail to:

steve.zahn@troutman.com

/s/ Tremaine Manley
Tremaine Manley
Pro Se Plaintiff

I hereby certify that on [Insert Date], I served a true and correct copy of the foregoing Plaintiff's Motion to Strike Defendant's Thirteenth Affirmative Defense (Arbitration), including all attachments and the proposed order, by:

(1) U.S. Mail, postage prepaid, to:

Steven R. Zahn
Troutman Pepper Locke LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454

AND

(2) Electronic mail to:

steve.zahn@troutman.com

/s/ Tremaine Manley
Tremaine Manley
Pro Se Plaintiff