United States District Court
Southern District of Texas
**ENTERED**
July 29, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TREMAINE MANLEY, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. H-25-1810 |
| | § |
| EXPERIAN INFORMATION | § |
| SOLUTIONS, INC., | § |
| | § |
| Defendant. | § |

### ORDER

Pending before the Court is Plaintiff's Motion to Strike Defendant's Thirteenth Affirmative Defense (Document No. 13). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

Plaintiff Tremaine Manley ("Manley"), proceeding *pro se*, moves the Court to strike Experian's thirteenth affirmative defense, the existence of a binding arbitration agreement, raised by Defendant Experian Information Solutions, Inc. ("Experian") in its answer to Manley's complaint.[1] The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Experian did not respond to Manley's motion, failing to rebut or offer evidence to counter Manley's

---

[1] *Defendant's Answer*, Document No. 11 at 17.

contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless of Experian's failure to respond, the Court will consider the merits of the pending motion before the Court.

The Federal Rules of Civil Procedure gives district courts the authority to strike from a pleading an "insufficient defense or any redundant, immaterial, [or] impertinent matter," and may do so on its own or on motion made by a party. Fed. R. Civ. P. 12(f). Here, Manley contends that Experian's thirteenth affirmative defense, that Manley is subject to an arbitration agreement, is unsupported by any allegation or evidence of a binding agreement between the parties and thus should be stricken as an insufficient defense. Experian offers no response. An independent review of the record in this case reveals no implied, express, or oral contractual agreement between the parties in this matter, much less any binding arbitration clause that would impact the plaintiff in this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 12(f), the Court finds that Experian's thirteenth affirmative defense should be struck in this matter. Accordingly, the Court hereby

**ORDERS** that Plaintiff's Motion to Strike Defendant's Thirteenth Affirmative Defense (Document No. 13) is **GRANTED**. The Court further

**ORDERS** that the Defendant's thirteenth affirmative defense is hereby **STRUCK**.

2

SIGNED at Houston, Texas, on this **29** day of July, 2025.

_____
DAVID HITTNER
United States District Judge