UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TREMAINE MANLEY, §<br>   *Plaintiff,* §<br> §<br>v. §<br> §<br>EXPERIAN INFORMATION §<br>SOLUTIONS, INC., §<br>   *Defendant.* § | Case No. 4:25-cv-1810 |

## ORDER

This is a Fair Credit Reporting Act dispute. Pending before the Court is *pro se* Plaintiff Tremaine Manley's motion to compel Experian Information Solutions, Inc. to respond to Plaintiff's discovery requests and request for sanctions under Rule 37(a)(5). ECF No. 19.[1] Having thoroughly considered the briefing,[2] the evidence, and the applicable law, the Court denies Plaintiff's motion as moot because Defendant has timely responded to Plaintiff's discovery requests and further supplemented its responses. ECF No. 23 at 1–2; *see* ECF No. 23-1 at 2–3. Thus, Plaintiff is not entitled to any relief or his costs.

The Federal Rules of Civil Procedure require parties to respond within thirty days of being served with discovery requests. FED. R. CIV. P. 33(b)(2) (interrogatories); 34(b)(2)(A) (requests for production); 36(a)(3) (requests for

---

[1] The district judge to whom this case is assigned referred this motion to this Court for disposition. Order, ECF No. 20.

[2] Defendant filed a response, ECF No. 23.

1

admission). Plaintiff served his discovery requests on July 17, 2025. ECF Nos. 19 at 1; 23 at 1. The response deadline was August 18, 2025.[3] On October 6, 2025, Plaintiff filed his motion, claiming that "Defendant has failed to serve *any* discovery responses." ECF No. 19 at 1 (emphasis added).

Contrary to Plaintiff's assertion that no responses were filed, Defendant has established that it timely responded to the discovery, Plaintiff acknowledged its response and objected to some of the responses, and Defendant continued to supplement its responses. ECF No. 23-1 at 2–3. (Plaintiff's August 20, 2025 email admitting that "[o]n August 18, 2025, Experian served responses" to his discovery requests and objecting to some of those responses); ECF No. 23 at 1 (Defendant amended its responses to Plaintiff's request for admissions and interrogatories on August 25, 2025). After the amended responses, the parties filed a joint motion for a protective order concerning confidential information. ECF No. 17. The Court granted the joint motion and entered the protective order. Protective Order, ECF No. 18. Defendant admits that because of internal process errors, it failed to provide Plaintiff with certain responsive documents after the protective order was entered, but it corrected the error on October 8, 2025, a couple of days after the motion to compel was filed. ECF No. 23 at 2.

---

[3] Thirty days after July 17, 2025, was Saturday, August 16, 2025. When determining deadlines, "if the last day [of the period] is a Saturday . . . the period continues to run until the end of the next day that is not a Saturday," making the deadline Monday, August 18. FED. R. CIV. P. 6(a)(1)(C).

Defendant has shown that it timely served some discovery responses and Plaintiff acknowledged them. ECF Nos. 23 at 1–2; 23-1 at 2–3. Thus, the basis for Plaintiff's motion that Defendant failed to serve any response is without merit. ECF No. 19 at 1. Therefore, Plaintiff's motion to compel is **DENIED as MOOT**. *See Espinoza v. Baker Hughes Holdings, LLC.*, No. CV 23-1532, 2025 WL 449439, at *3 (S.D. Tex. Feb. 10, 2025) (denying as moot a plaintiff's motion to compel discovery responses where the plaintiff had acknowledged receipt of the defendant's responses).

Plaintiff also asks the Court to deem admitted all requests for admission untimely answered. ECF No. 19 at 3. "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FED R. CIV. P. 36(a)(3). Again, Defendant's evidence shows that Plaintiff acknowledged Defendant's response was within thirty days of being served. *See* ECF No. 23-1 at 2–3. Therefore, Plaintiff's motion to deem those admissions as admitted for failure to timely respond is **DENIED**.

Finally, Plaintiff seeks costs and reasonable expenses under Rule 37(a)(5).[4]

---

[4] (A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain

ECF No. 19 at 3. Since Plaintiff's motion is denied, he is not entitled to recover costs under Rule 37 (a)(5)(A). To the contrary, because his motion was denied, Plaintiff could be liable for Defendant's attorneys' fees and costs. FED. R. CIV. P. 37 (a)(5)(B).

Plaintiff is proceeding in this case *pro se*. Despite his *pro se* status, Plaintiff is still bound by the Federal Rules of Civil Procedure. *Hamilton v. Collier*, 711 F. Supp. 3d 676, 685 (S.D. Tex. 2024) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)). "By presenting to the court a . . . written motion . . . an attorney *or unrepresented party* certifies that to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under circumstances . . . the factual contentions have evidentiary support." FED R. CIV. P. 11(b)(3) (emphasis added). The evidence presented to the Court contradicts Plaintiff's assertion that Defendant failed to provide any response to Plaintiff's discovery request. To the contrary, Defendant provided timely responses, Plaintiff acknowledged them, and Defendant continued to supplement its responses. If

---

the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

(B) *If the Motion Is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A)&(B).

Plaintiff was dissatisfied with those responses and was unable to obtain further cooperation from Defendant, he could have filed a motion detailing the deficiencies in the responses. To claim there were no responses is false and a waste of this Court's and counsel's time. Plaintiff is cautioned that Rule 11's obligations and consequences apply to all who present writings to the Court, including those appearing *pro se*. *Vargas v. Salazar*, No. 4:23-CV-04267, 2024 WL 4804091, at *3 (S.D. Tex. Nov. 1, 2024), *adopted*, No. 4:23CV4267, 2024 WL 4804065 (S.D. Tex. Nov. 15, 2024).

The Court **DENIES** Plaintiff's Motion to Compel, ECF No. 19. If disputes remain about the content of the produced discovery, the parties must *meet* and confer in an attempt to resolve the issue before seeking the Court's intervention. FED. R. CIV. P. 37(a)(1); L.R. 7.1(D).

**IT IS SO ORDERED.**

Signed at Houston, Texas, on October 14, 2025.

                                               _____
                                                       **Dena Hanovice Palermo**
                                                 **United States Magistrate Judge**