

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
**FILED**

NOV 03 2025

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| **TREMAINE MANLEY**<br>Plaintiff<br><br>Vs<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.,**<br>Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

Civil Action No. 4:25-cv-01810

# PLAINTIFF'S NOTICE OF CLARIFICATION REGARDING OCTOBER 14, 2025 ORDER

Plaintiff **Tremaine Manley**, proceeding pro se, respectfully submits this Notice for the limited purpose of clarifying the record with respect to the Court's October 14, 2025 Order (ECF 25). This Notice does **not** seek any relief, modification, reconsideration, or change to any deadline.

1. On **October 6, 2025**, Plaintiff filed his Motion to Compel (ECF 19). At that time, Plaintiff had **not received any documents** responsive to his July 17, 2025 Requests for Production.

2. In its Opposition, filed October 9, 2025, Defendant stated that it "produced the documents to the Plaintiff on **October 8, 2025**," two days **after** the Motion to Compel was filed. (ECF 23, ¶ 9.)

3. Plaintiff acknowledges that **written responses and objections** were served on August 18, 2025. Plaintiff's Motion was directed at the absence of **document production**, not the existence of written objections.

4. This Notice is filed solely to clarify the record and eliminate any appearance that Plaintiff knowingly made false statements when filing the Motion to Compel.

No action is requested from the Court at this time.

Respectfully submitted,

/s/ Tremaine Manley
**Tremaine Manley, Pro Se**
3019 Poe Road
Houston, Texas 77051
Phone: (832) 348-0649

Email: [Your Email]
Date: October 28, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of October 2025, a true and correct copy of the foregoing Notice was served on all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Tremaine Manley
Tremaine Manley, Pro Se

Exhibit A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| TREMAINE MANLEY,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br><br>    Defendant. | Civil Action No. 4:25-cv-01810 |

### EXPERIAN INFORMATION SOLUTIONS, INC.'S
### OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND RESPONSE TO COURT ORDER

Defendant Experian Information Solutions, Inc. ("Experian"), by counsel, and pursuant to the Court's Order (Dkt. No. 21), files this Opposition to Plaintiff's Motion to Compel and Response to Court order. In support, Experian states as follows:

1. On July 17, 2025, Plaintiff served Experian his First Set of Discovery.

2. Plaintiff's motion to compel is inaccurate. Experian served its response to Plaintiff's Comprehensive First Set of Discovery on August 18, 2025, including Experian's response to Plaintiff's request for admissions, interrogatories and request for production.

3. Plaintiff confirmed receipt of Experian's discovery responses on August 20, 2025, via email. A copy of the email is attached hereto as **Exhibit A**. In Plaintiff's email he outlined substantives issues he had with Plaintiff's discovery responses.

4. In an effort to resolve the discovery dispute, Experian amended its response to Plaintiff's request for admissions and interrogatories on August 25, 2025, and requested the parties enter into a protective order to produce confidential information to the Plaintiff.

5.  Due to internal confusion regarding the subject line of an email sent to Plaintiff, the non-confidential documents were not provided to Plaintiff along with the response to request for production in August.

6.  On September 12, 2025, the Court entered the stipulated protective order.

7.  Experian did not purposefully withhold discovery, but due to an internal oversight, the documents in response to the request for production were not timely provided to Plaintiff.

8.  Subsequent to entry of the protective order, Plaintiff filed his motion to compel without conferring as required by Local Rule 7.1(d)(1), which Plaintiff admits in his motion. In his motion, Plaintiff incorrectly claims Experian had failed to respond to *any* of his discovery requests when the record is clear that Plaintiff's claim is inaccurate at best.

9.  Upon receipt of the motion to compel, Experian confirmed that it had mistakenly failed to produce the documents and produced the documents to the Plaintiff on October 8, 2025.

10. Experian's counsel has analyzed the internal process error and has implemented procedures to avoid a repeated mistake.

WHEREFORE, Defendant Experian Information Solutions, Inc. respectfully requests that the Court enter an Order denying Plaintiff's motion to compel discovery responses.

Dated: October 9, 2025

*/s/ Steven R. Zahn*
Steven R. Zahn
SBN: 43332-VA
FBN: 1171830
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Steve.zahn@troutman.com
Telephone: 757-687-7589
Facsimile: 757-687-7510

*Counsel for Experian Information Solutions, Inc.*

-3-

## CERTIFICATE OF SERVICE

I certify that on October 9, 2025 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and served via e-mail and regular mail upon:

Tremaine Manley
3019 Poe Road
Houston, TX 77051
832-348-0649
Pro Se Plaintiff

/s/ *Steven R. Zahn*
Steven R. Zahn

# EXHIBIT A

**Ruan, Celeste**

| | |
|---|---|
| **From:** | E Justice Email <proselegalteamlawsuit@gmail.com> |
| **Sent:** | Wednesday, August 20, 2025 10:14 AM |
| **To:** | Zahn, Steve |
| **Cc:** | Sonnenfeld, Gary D.; Thompson, Sonya D. |
| **Subject:** | Manley v. Experian Information Solutions, Inc., Case No. 4:25-cv-01810 (S.D. Tex.) – Deficient Discovery Responses |

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Counsel,

On **July 17, 2025**, I served Plaintiff's First Set of Discovery (Requests for Admission, Requests for Production, and Interrogatories). On **August 18, 2025**, Experian served responses. After careful review, I must advise that Experian's responses to the **Requests for Production and Interrogatories** are **deficient and evasive**, and certain **RFA answers** appear improper.

## Requests for Production

Experian has refused to produce key categories of documents, including:

- Policies, manuals, and training materials concerning reinvestigations (RFP No. 3).
- Internal communications, logs, and decision records (RFP No. 7).
- Audit reports and compliance reviews (RFP No. 8).
- Consumer complaints involving the same furnishers (RFP No. 10).

Boilerplate objections ("overbroad," "unduly burdensome," "trade secrets") are **not sufficient under federal law.** See *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014) ("Boilerplate objections... are meaningless and meritless"). Confidentiality concerns can be resolved through a protective order under **Rule 26(c)** and do not justify total non-production.

## Interrogatories

Several interrogatories were evaded with "unable to respond as phrased" or by improperly invoking **Rule 33(d)**. Examples:

- **No. 2** (steps of reinvestigation) – Experian must identify specific actions taken.
- **No. 6** (staff steps beyond E-Oscar) – nonresponsive.
- **No. 7 & 8** (independent verification and audits) – evasive.
- **No. 9** (lawsuits/regulatory actions re §1681i) – improperly refused.

Rule 33(b)(3) requires **full, direct answers**. Rule 33(d) only applies if the burden is substantially equal — here, it is not, as I lack access to Experian's internal systems.

## Requests for Admission

Certain answers (RFAs 5, 6, 9, 10) are **evasive and incomplete**, and I reserve the right to file a motion under **Rule 36(a)(6)** to deem them admitted or compel amended responses.

---

## Demand for Cure

Pursuant to **Rule 37(a)(1)** and Local Rule 7.1(D), I hereby demand that Experian cure these deficiencies and serve full and complete responses **no later than Monday, August 25, 2025**.


Tremaine Manley, Pro Se Plaintiff
3019 Poe Road
Houston, TX 77051
proselegalteamlawsuit@gmail.com