# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **TREMAINE MANLEY,** | |
| **Plaintiff,** | |
| v. | Civil Action No. 4:25-cv-01810 |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | |
| **Defendant.** | |

### EXPERIAN INFORMATION SOLUTIONS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF UNREDACTED DISCOVERY AND RELATED LOGS AND RESPONSE TO COURT ORDER

Defendant Experian Information Solutions, Inc. ("Experian"), by counsel, and pursuant to the Court's Order (Dkt. No. 32), files this Response in Opposition to Plaintiff's Motion to Compel Production of Unredacted Discovery and Related Logs and Response to Court order. In support, Experian states as follows:

1. Plaintiff's complaint against Experian alleges that Experian violated his rights under several provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Dkt. No. 1.

2. Experian provided Plaintiff documents in response to Plaintiff's First Request for Production ("RFP") on October 8, 2025, and October 12, 2025.

3. On October 12, 2025, Experian produced 410 pages of documents to Plaintiff pursuant to the protective order. The production redacted Plaintiff's Social Security number and materials outside the two-year statute of limitations period.

4. On November 10, 2025, Plaintiff filed his motion to compel production of unredacted discovery and related logs relating to the documents produced by Experian.

5. The parties met and conferred regarding Plaintiff's motion to compel. The discussion addressed Experian's redactions and documents concerning LexisNexis and Clarity; no other topics were raised.

6. Experian advised Plaintiff that it would investigate how to disseminate Plaintiff's unredacted Social Security Number to him.

7. Experian requested specificity regarding the documents Plaintiff seeks from LexisNexis and Clarity. Plaintiff agreed to email Experian's counsel additional details so counsel could assess and respond.

8. Plaintiff's second motion to compel misstates the record. Experian's counsel did not state that an unredacted production would never be provided. Counsel requested additional detail regarding any documents Plaintiff contends remain outstanding. Plaintiff represented he would email that information; the email was not sent until November 14, 2025

9. Plaintiff has served the unredacted documents under password protection.

10. Plaintiff's first RFPs comprised ten requests. The motion to compel cites no particular RFP; it merely lists document topics that Plaintiff claims are relevant and unproduced. Experian does not concede that such documents are discoverable and, as explained below, some of these categories were never requested in Plaintiff's first RFPs.

11. Many of Plaintiff's requests are not relevant even under Rule 26(b)(1)'s broad scope of discovery. Discovery must be relevant to the parties' claims and defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). What is relevant for discovery purposes depends on the parties' claims and defenses. Further, the Federal Rules of Civil Procedure are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Even assuming some potential relevance, Experian contends that the requests are vague, overbroad, and not proportional to the needs of the case. Because Plaintiff has not identified any specific request for production at issue, Experian cannot explain with particularity how any request is vague.

12. Plaintiff's motion outlines a six document subjects that he is attempting to compel:

**A. Complete ACDV and e-OSCAR logs**

Experian provided Plaintiff with the completed ACDV forms related to Plaintiff's disputes. The ACDV forms contain the information responsive to this request.

**B. Internal audit trails** reflecting employee access and modification timestamps within Experian's dispute systems;

Plaintiff's ten RFPs do not seek internal audit logs of employee access or modification timestamps. Even if construed to include such materials, they are irrelevant to §§ 1681g, 1681e(b), and 1681i; vague and overbroad; and not proportional. Experian has produced Plaintiff's § 1681g disclosures and documentation of its reinvestigation under §§ 1681i and 1681e(b). Requiring production of audit-trail logs (or creation of an internal audit) would exceed the scope of discovery and impose undue, disproportionate burden. The request is not limited to Plaintiff's disputes or consumer file, bears no relation to his causes of action, and is unduly vague. It falls outside the scope of discovery and is not tied to any of Plaintiff's ten actual requests for production.

**C. Communications with third-party vendors** such as LexisNexis and Clarity services, including XML data or exchange reports showing what information was sent or verified

None of Plaintiff's ten requests for production seek communications with LexisNexis, Clarity, or any other third-party vendors. Plaintiff identifies no authority that a motion to compel is a proper vehicle to obtain documents that were never requested in discovery. To the extent Plaintiff contends any of the ten requests encompass this topic, they are not stated with reasonable particularity and would call for confidential documents belonging to third parties. Moreover, Plaintiff moved to subpoena LexisNexis and Clarity for this information, and the Court denied that motion. See Dkt. No. 27.

**D.     Search parameters, custodians and system identification** statements required Rule 26(g) and 34(b)(2)(B)-(C) to demonstrate a reasonable search

Plaintiff's demand is unclear. The discovery requests were signed as Rule 26(g) requires. Because the motion does not identify any specific request or response, Experian cannot determine what requirement under Rule 34(b)(2)(B)–(C) is purportedly lacking. Those rules do not address search parameters or system identifiers. Moreover, Plaintiff does not identify which of the ten requests this

demand relates to, making a substantive response impossible and leaving Experian uncertain whether any request is implicated.

**E. Policy, training and procedure documents** governing Experian's FCRA compliance practices under 15 U.S. C. § 1681e(b)

Plaintiff's contention that the FCRA entitles a consumer to inspect Experian's policies and procedures is wrong. The FCRA provides that Experian may defend a claim even if its reporting contains inaccurate information by showing that the inaccurate information was generated despite the agency following reasonable procedures. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("The FCRA does not impose strict liability, however—an agency can escape liability if it establishes that an inaccurate report was generated despite the agency's following reasonable procedures."). Thus, Experian's procedures are only relevant and proportional to the needs of this case if the disputed tradeline contained inaccurate information <u>and</u> Experian sought to escape liability based on adherence to its procedures. But that is not the case here. Experian does not seek to avoid liability based on its reliance on procedures.

These requests are overbroad and ambiguous, and they do not describe the documents sought with reasonable particularity. They are also not proportional to the needs of the case. Experian produced consumer disclosures to Plaintiff under § 1681g(a), which contain the information the statute requires. Because Experian is not invoking its policies, training, or procedures as a defense, such materials are not proportional to the needs of this case.

Even if the distinction between automated form-letter responses and meaningful human investigation were relevant, broad requests for Experian's

policies and procedures are not probative of how Plaintiff's particular disputes were handled. Those generalized materials do not show whether Plaintiff's disputes were addressed by automation or human review and therefore are not a proper subject of discovery in this case

**F. Privilege/Redaction log**

Plaintiff cites Rule 26(b)(5)(A). To the extent Plaintiff relies on Rule 26(b)(5), Plaintiff's ten requests for production are so vague that, depending on how they are construed, they could be read to call for attorney–client communications or attorney work product. Experian asserted privilege objections out of an abundance of caution in light of that vagueness.

With respect to confidential materials, Plaintiff does not reference any of the responses to his requests as failing to comply with the Rules. Experian's responses identify which documents, if any, were withheld as confidential and the basis for the withholding.

WHEREFORE, Defendant Experian Information Solutions, Inc. respectfully requests that the Court enter an Order denying Plaintiff's motion to compel discovery responses.

Dated: November 17, 2025   */s/ Steven R. Zahn*
Steven R. Zahn
SBN: 43332-VA
FBN: 1171830
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454

Steve.zahn@troutman.com
Telephone: 757-687-7589
Facsimile: 757-687-7510

*Counsel for Experian Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on November 17, 2025 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and served via e-mail and regular mail upon:

Tremaine Manley
3019 Poe Road
Houston, TX 77051
832-348-0649
Pro Se Plaintiff

*/s/ Steven R. Zahn*
Steven R. Zahn