United States Courts
Southern District of Texas
FILED

DEC 0 2 2025

Nathan Ochsner, Clerk of Court

TREMAINE MANLEY  §
Plaintiff  §
  §
  §
Vs  §  Civil Action No. 4:25-cv01810
  §
  §
EXPERIAN INFORMATION  §
SOLUTIONS, INC.  Defendant  §
  §
  §

# PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ON LIABILITY ONLY) AND BRIEF IN SUPPORT

Submitted pursuant to Fed. R. Civ. P. 56 and Judge Hittner's Summary Judgment Procedures, including the required concise summary.

# TABLE OF CONTENTS

Concise Summary Pursuant to Judge Hittner's Procedures
Statement of Issues Presented
Plaintiff's Motion for Summary Judgment (On Liability Only) and Brief in Support

I. Introduction
II. Statement of Facts
III. Standard of Review
IV. Statement of Undisputed Material Facts

V. Legal Argument
A. Violations of **15 U.S.C. §1681e(b)**
B. Violations of **15 U.S.C. §1681i**
C. Violations of **15 U.S.C. §1681c-2**
D. Violations of **15 U.S.C. §1681g**
E. Violations Supported by **Exhibit D** – Clarity Identity-Contamination Evidence
F. Suppression-Code Violations Supported by **Exhibit M**
F-1. Repetitive Furnishing of False Information
G. Ten-Year Pattern, Tolling, Notice, and Knowledge
G-1. Concealment and Withholding of System Fields
H. Willfulness Reserved for Jury Determination

VI. Damages Reserved for Separate Proceedings
VII. Judicial Economy
VII-A. Narrow Basis for Summary Judgment (Undisputed Ground)
VIII. Conclusion and Prayer for Relief
Declaration of Tremaine Manley
Exhibit Index
Notice Regarding Exhibits A–M
Exhibit Cover Pages (A–M)
Exhibit N – Damages Spreadsheet (Narrative Format)
Exhibit O – Publication Timeline (Narrative Format)
Supplemental Addendum – Pinpoint Citations to Undisputed Material Facts
Certificate of Service
Proposed Order
Proposed Final Judgment

# CONCISE SUMMARY PURSUANT TO JUDGE HITTNER'S PROCEDURES

## I. Summary of Issues

This Motion seeks summary judgment on liability only for Experian's violations of **15 U.S.C. §1681e(b), §1681i, §1681c-2, and §1681g**. The issues are whether Experian (1) maintained and published an inaccurate, mixed consumer file, (2) failed to conduct any reinvestigation despite verified disputes, (3) failed to block identity-theft information after receiving identity-theft documentation, and (4) failed to disclose all information in Plaintiff's file, including suppression codes and internal workflow data.

## II. Summary of Evidence

Experian's internal system logs and dispute-handling records show that Plaintiff's disputes were received, his identity was verified, and disputes were closed within seconds or minutes with no ACDV transmissions and no reinvestigation
**(Exhibit A).**

Plaintiff's written dispute, Social Security card, identity documentation, and wage document were submitted to Experian and logged in its system
**(Exhibit B).**

Experian's ACDV transmission fields are blank for Plaintiff's disputes, showing that Experian transmitted no ACDVs to any furnisher
**(Exhibit C).**

Plaintiff independently obtained his Clarity Services consumer report under **15 U.S.C. §1681g** on November 28, 2024, which revealed extensive identity contamination, including false names, dates of birth, telephone numbers, email addresses, bank accounts, and inquiries that do not belong to him
**(Exhibit D).**

Experian's identity-matching tables show conflicting identifiers, mismatch codes, and identity clusters associated with Plaintiff's file
**(Exhibit E).**

Experian's disclosure logs show that it continued furnishing Plaintiff's contaminated file to creditors
**(Exhibit F).**

Experian received and logged identity-theft documentation and identity-theft disputes from Plaintiff
**(Exhibit G).**

Experian's initial production concealed suppression codes, workflow logic, and reinvestigation fields
**(Exhibit H).**

Experian's corrected production revealed suppression-coded dispute closures and withheld system-level data
**(Exhibit I).**

Experian's Rule 36 Admissions and interrogatory responses further confirm its handling of Plaintiff's file and disputes
**(Exhibits J and K).**

Plaintiff's credit denials and adverse actions show actual harm
**(Exhibit L).**

Suppression-code records show Experian used Processing Block, Locate Block, SoftDelete, Closed – No Processing, Permanent Exclusion
**(Exhibit M).**

## STATEMENT OF ISSUES PRESENTED

Whether Experian violated **15 U.S.C. §1681e(b)** by maintaining and publishing a consumer file containing inaccurate identifiers belonging to third parties.

Whether Experian violated **15 U.S.C. §1681i** by failing to conduct any reasonable reinvestigation.

Whether Experian violated **15 U.S.C. §1681c-2** by failing to block identity-theft information.

Whether Experian violated **15 U.S.C. §1681g** by withholding suppression codes, workflow data, and identity-matching logic.

Whether evidence from 2015–2025 is admissible to show pattern, notice, concealment, and tolling under **15 U.S.C. §1681p**, *TRW Inc. v. Andrews*, and *Holmberg v. Armbrecht*.

Whether summary judgment is appropriate on liability only.

## I. Introduction

Plaintiff respectfully moves for summary judgment on liability for Experian's violations of **15 U.S.C. §1681e(b), §1681i, §1681c-2, and §1681g**. The summary-judgment record consists entirely of Experian's internal business records, Plaintiff's authenticated Clarity Services consumer report obtained under §1681g, Plaintiff's written dispute and identity documentation, and Plaintiff's denial notices.

Experian's documents show inaccurate identifiers belonging to other people; verified disputes and identity-theft documentation; no ACDVs; disputes closed within seconds; suppression codes blocking reinvestigation; failure to block identity-theft information; and withholding internal system fields.

No genuine dispute of material fact exists. Plaintiff seeks judgment on liability only.

## II. Statement of Facts

Plaintiff is a consumer whose Experian file became contaminated with identifiers belonging to third parties. Experian's internal logs and identity-matching tables reflect conflicting identifiers, dispute-processing entries, and suppression codes
 **(Exhibit A; Exhibit E; Exhibit M).**

Plaintiff submitted written disputes with government identification and supporting documents. Experian verified identity
 **(Exhibit B).**

Experian transmitted no ACDVs
 **(Exhibit C).**

Disputes were closed within seconds using suppression codes
 **(Exhibit A; Exhibit M).**

Experian concealed suppression codes and workflow fields until corrected production
 **(Exhibit H; Exhibit I).**

Plaintiff obtained his Clarity Services report revealing identity contamination
 **(Exhibit D).**

## III. Standard of Review

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law
**(Fed. R. Civ. P. 56(a)).**

A dispute is genuine only if a reasonable jury could return a verdict for the nonmoving party
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When the nonmoving party fails to produce evidence supporting an essential element, summary judgment must be entered
*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Attorney argument cannot defeat summary judgment.

A party cannot contradict its own records to create a factual dispute
*Hinsley v. Boudloche*, 201 F.3d 615, 619 (5th Cir. 2000);
*Lawrence v. Fed. Home Loan Mortg. Corp.*, 276 F.3d 618, 620 (2001).

## IV. Statement of Undisputed Material Facts

Experian received Plaintiff's disputes and verified identity
**(Exhibit A p.1–4; Exhibit B; Exhibit G).**

Experian sent no ACDVs
**(Exhibit C p.1–9).**

Disputes closed within seconds; reinvestigation fields blank
**(Exhibit A p.5–12).**

Experian used suppression codes including Processing Block, Locate Block, SoftDelete, Closed – No Processing, Permanent Exclusion
**(Exhibit M p.1–8; Exhibit I).**

Experian received identity-theft documentation
**(Exhibit G).**

Clarity report shows identity contamination
**(Exhibit D).**

Experian's matching logic shows conflicting identifiers
**(Exhibit E).**

Experian continued furnishing inaccurate info
**(Exhibit F).**

Plaintiff received adverse actions
**(Exhibit L-1–L-8).**

Redacted production concealed system fields
**(Exhibit H; Exhibit I).**

## V. Legal Argument

### A. Violations of 15 U.S.C. §1681e(b) (Accuracy)

Section 1681e(b) requires Experian to follow reasonable procedures to assure maximum possible accuracy.

Experian's records show a mixed file and conflicting identifiers associated with Plaintiff, including inaccurate identity data that do not belong to him. Experian's identity-matching tables and system logs reflect mismatches and identity clusters inconsistent with Plaintiff's true identifiers
**(Exhibit A; Exhibit E).**

Experian published these inaccuracies to creditors
**(Exhibit F).**

Plaintiff's Clarity Services report confirms identity contamination involving false names, dates of birth, telephone numbers, email addresses, bank accounts, inquiries, and other items belonging to unknown individuals. These errors mirror mismatch patterns appearing in Experian's own logic
**(Exhibit D; Exhibit E).**

Plaintiff suffered actual harm, including denials and adverse actions
**(Exhibit L-1–L-8).**

Experian had notice of the inaccuracies through Plaintiff's disputes and identity-theft documentation
**(Exhibit B; Exhibit G).**

Despite notice, Experian left inaccurate identifiers in place and continued furnishing them. These undisputed facts establish a violation of §1681e(b) as a matter of law.

**B. Violations of 15 U.S.C. §1681i (Reinvestigation)**

Section 1681i(a)(1)(A) requires a reasonable reinvestigation whenever the consumer disputes accuracy.

Experian transmitted no ACDVs
**(Exhibit C p.1–9).**

Experian's dispute-handling screens show blank reinvestigation fields, no item-level review, no verification notes, and no furnisher contact. Disputes were closed within seconds
**(Exhibit A p.5–12).**

Experian used suppression codes—Processing Block, Locate Block, SoftDelete, Closed – No Processing, Permanent Exclusion—to terminate disputes and prevent any reinvestigation
**(Exhibit M p.1–8; Exhibit I).**

Experian received identity-theft documents
**(Exhibit G).**

Identity-contamination issues shown in Clarity and Experian's matching logic were never addressed
**(Exhibit D; Exhibit E).**

These facts establish that Experian conducted no reasonable reinvestigation and therefore violated §1681i.

**C. Violations of 15 U.S.C. §1681c-2 (Identity-Theft Blocking)**

Section 1681c-2(a) requires a CRA to block identity-theft-related information within four business days after receiving identity-theft documentation.

Experian received identity-theft disputes and coded them
**(Exhibit G).**

Experian did not block identity-theft information, continued reporting contaminated data, matched Plaintiff to third-party identifiers, and furnished that information to creditors
**(Exhibit D; Exhibit E; Exhibit F).**

By receiving notice of identity theft and failing to block disputed information, Experian violated §1681c-2.

**D. Violations of 15 U.S.C. §1681g (File Disclosure)**

Section 1681g(a)(1) requires Experian to provide "all information in the consumer's file."

Experian's first production did not include suppression codes, workflow data, reinvestigation fields, or matching logic
**(Exhibit H).**

These fields appeared only in corrected production
**(Exhibit I; Exhibit M).**

These internal fields determine how the file is built, how disputes are handled, and how information is furnished. They are part of the file under §1681g. Withholding them violated §1681g.

**E. Violations Supported by Exhibit D — Clarity Identity-Contamination Evidence**

Plaintiff independently obtained his Clarity Services consumer report on November 28, 2024
**(Exhibit D).**

The report reflects extensive identity contamination: inaccurate names, dates of birth, email addresses, telephone numbers, bank accounts, inquiries, and tradelines that do not belong to Plaintiff.

These categories of misinformation mirror the types of errors appearing in Experian's identity-matching tables and dispute-handling records
**(Exhibit E; Exhibit A).**

Experian never corrected or investigated these mismatched identifiers, despite verified disputes and identity-theft documentation
**(Exhibit B; Exhibit G).**

This cross-system contamination confirms failure to ensure maximum possible accuracy and to conduct a reinvestigation, reinforcing violations of §1681e(b) and §1681i.

## F. Suppression-Code Violations Supported by Exhibit M

Experian's suppression codes—Processing Block, Locate Block, SoftDelete, Closed – No Processing, Permanent Exclusion—are documented in its logs
**(Exhibit M).**

These codes prevented disputes from entering the reinvestigation workflow, guaranteed no ACDVs would be transmitted, and caused disputes to be closed in seconds.

These records directly show failure to reinvestigate under §1681i and failure to maintain reasonable procedures under §1681e(b).

## F-1. Repetitive Furnishing of False Information

Experian repeatedly furnished Plaintiff's contaminated consumer file to creditors and automated systems despite receiving verified disputes, identity-theft documents, and multiple notices that its file was inaccurate. The disclosure logs in **Exhibit F** show each furnishment and demonstrate that Experian transmitted mismatched identifiers, conflicting dates of birth, false names, unfamiliar telephone numbers, and addresses associated with third parties. Each furnishment is a separate publication under the FCRA, and each publication of inaccurate information is a separate violation. The adverse-action notices in **Exhibit L** show the impact of these publications, including credit denials and verification failures. This repeated publishing of false information demonstrates a sustained pattern supporting liability and punitive damages.

## G. Ten-Year Pattern, Tolling, Notice, and Knowledge

Experian's conduct from 2015–2025 shows a continuous pattern of identity contamination, dispute suppression, and failure to correct inaccurate information. This evidence is admissible under **15 U.S.C. §1681p**, the discovery rule recognized in *TRW Inc. v. Andrews*, and the equitable-tolling doctrines of *Holmberg v. Armbrecht*.

Experian concealed suppression codes and reinvestigation fields in its initial production
**(Exhibit H; Exhibit I).**

The continuous suppression-coded closures and ongoing publication of inaccurate information demonstrate knowledge, notice, and concealment.

### G-1. Concealment and Withholding of System Fields

Experian concealed suppression codes, reinvestigation logic, and workflow data in its redacted production
**(Exhibit H → Exhibit I → Exhibit M).**

These fields reveal whether Experian sent ACDVs, conducted reinvestigations, or suppressed disputes.

Withholding them delayed Plaintiff's ability to discover the violations and supports equitable tolling under *Holmberg v. Armbrecht* and a finding of reckless disregard under *Safeco Ins. Co. v. Burr*.

### H. Willfulness Reserved for Jury Determination

Plaintiff is not seeking a finding of willfulness at summary judgment. However, the evidence—including suppression codes, zero ACDVs, concealment of workflow data, repeated publications, and mixed-file errors—supports punitive damages under **15 U.S.C. §1681n** and *Safeco*.

### VI. Damages Reserved for Separate Proceedings

Plaintiff seeks a finding on liability only. Damages (actual, statutory, and punitive) will be addressed separately.

Plaintiff suffered multiple harms: credit denials, failed identity verifications, financial impact, and emotional distress
**(Exhibit L-1 through L-8).**

### VII. Judicial Economy

Experian's records establish the facts. No hearing is necessary. A ruling on liability now narrows the issues and promotes judicial efficiency.

### VII-A. Narrow Basis for Summary Judgment (Undisputed Ground)

Even if the Court finds factual disputes regarding mixed files or identity theft, Plaintiff is entitled to summary judgment on the narrowest ground:

Experian transmitted **zero ACDVs**, proven by the blank ACDV fields **(Exhibit C p.1–9).**

Experian auto-closed disputes through suppression codes **(Exhibit A; Exhibit M).**

These two facts alone establish a violation of §1681i as a matter of law.

### VIII. Conclusion and Prayer for Relief

Plaintiff respectfully requests that the Court:

Grant summary judgment on liability for violations of **§1681e(b), §1681i, §1681c-2, and §1681g**;

Enter an order adjudging Experian liable;

Reserve all damages and willfulness for later proceedings;

Grant all other relief the Court deems proper.

Respectfully submitted,
**Tremaine Manley**
Plaintiff, Pro Se

### SUPPLEMENTAL ADDENDUM
Pinpoint Citations to Undisputed Material Facts

Experian transmitted no ACDVs for any of Plaintiff's disputes.
Shown in ACDV Transmission Fields
**(Exhibit C, *EXP-MANLEY000512, 000514, 000517*).**

Experian closed Plaintiff's disputes within seconds or minutes.
See System Logs
**(Exhibit A, *EXP-MANLEY000021* "Closed in 00:07 sec"; *000023; 000024*).**

Experian applied suppression codes.
Codes SoftDelete, ProcessingBlock, Closed – No Processing
**(Exhibit M, *EXP-MANLEY000601, 000603, 000609*).**

Experian verified Plaintiff's identity.
**(Exhibit B, *EXP-MANLEY000112* "ID Verified – Pass"; Exhibit G, *EXP-MANLEY000455*)**

Experian received identity-theft documentation.
**(Exhibit G, *EXP-MANLEY000455*)**

Plaintiff's file contained inaccurate identifiers.
**(Exhibit E, *EXP-MANLEY000820, 000825, 000830*)**

Experian repeatedly furnished false information.
**(Exhibit F, *EXP-MANLEY000900–907*)**

Plaintiff suffered credit denials and verification failures.
**(Exhibit L-1–L-8, *EXP-MANLEY001002, 001008, 001015, 001019, 001028, 001037, 001044, 001050*)**

Experian withheld suppression codes and workflow logic.
**(Exhibit H → Exhibit I)**

Reinvestigation fields were blank.
**(Exhibit A, *EXP-MANLEY000030–046*)**

These pinpoint citations demonstrate that every material fact supporting the Motion is supported by authenticated record evidence. Experian's own documents confirm the absence of any genuine dispute of material fact.

## CERTIFICATE OF SERVICE

I certify that on December 1, 2025, I served a true and correct copy of this Supplemental Addendum, including all accompanying pages, on counsel for Defendant Experian Information Solutions, Inc., by email to the address listed for counsel of record.

**/s/ Tremaine Manley**
Plaintiff, Pro Se

## PROPOSED ORDER

| | | |
|---|---|---|
| TREMAINE MANLEY<br>Plaintiff | §<br>§<br>§ | |
| Vs | §<br>§ | Civil Action No. 4:25-cv01810 |
| EXPERIAN INFORMATION<br>SOLUTIONS, INC. Defendant | §<br>§<br>§<br>§<br>§ | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON LIABILITY

Before the Court is Plaintiff's Motion for Summary Judgment on liability under **15 U.S.C. §§1681e(b), 1681i, 1681c-2, and 1681g**. Having reviewed the Motion, evidence, and applicable law, the Court grants the Motion.

It is ORDERED that:

Plaintiff's Motion for Summary Judgment on liability is GRANTED.

Defendant Experian Information Solutions, Inc. is adjudged liable for violating:

**15 U.S.C. §1681e(b)**
**15 U.S.C. §1681i**
**15 U.S.C. §1681c-2**
**15 U.S.C. §1681g**

The issues of damages (actual, statutory, punitive) and willfulness are reserved for later proceedings.

IT IS SO ORDERED.

| | | |
|---|---|---|
| TREMAINE MANLEY<br>Plaintiff<br><br>Vs<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.   Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:25-cv01810 |

## FINAL JUDGMENT

The Court having previously granted Plaintiff's Motion for Summary Judgment on liability, and having considered damages, enters FINAL JUDGMENT:

Plaintiff Tremaine Manley shall recover from Defendant Experian Information Solutions, Inc.:

Actual damages: $_____
 Statutory damages under **15 U.S.C. §1681n(a)(1)(A)**: $_____
 Punitive damages under **15 U.S.C. §1681n(a)(2)**: $_____
 Costs of court
 Any additional relief the Court deems just and proper.

This Judgment disposes of all claims.

IT IS SO ORDERED.


DAVID HITTNER
 UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| TREMAINE MANLEY<br>Plaintiff<br><br>Vs<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.   Defendant<br>, | §<br>§<br>§<br>§   Civil Action No. 4:25-cv01810<br>§<br>§<br>§<br>§<br>§ |

# DECLARATION OF TREMAINE MANLEY

I, **Tremaine Manley**, declare under penalty of perjury:

1. I am the Plaintiff in this case. I am over eighteen years of age and competent to make this Declaration.

2. I have personal knowledge of the facts stated in this Declaration unless otherwise indicated, and I could testify to these facts if called as a witness.

3. Exhibits **A through M**, filed with Plaintiff's Motion for Summary Judgment, are true and correct copies of records I obtained from Experian in discovery, my Clarity Services consumer report obtained under 15 U.S.C. §1681g, my dispute documentation, and my credit denial notices.

4. I submitted written disputes to Experian and enclosed copies of my government-issued identification, my Social Security card, wage documentation, and proof of address. Experian received these documents and logged my disputes internally. (See Exhibit B.)

5. Experian's internal system logs and dispute-handling records (Exhibit A) are true and correct copies of documents produced by Experian in discovery. These logs show when my disputes were received, how they were routed, and when they were closed.

6. Experian's ACDV transmission records (Exhibit C) are true and correct copies of fields produced by Experian, and they show that no ACDVs were transmitted for any of my disputes.

7. On November 28, 2024, I independently obtained my Clarity Services consumer report under 15 U.S.C. §1681g. Exhibit D is a true and correct summary of the identity-contamination and mixed-file items reflected in that report.

8. Exhibits **E through K** are true and correct copies of Experian's identity-matching tables, disclosure logs, identity-theft notations, initial redacted production, corrected production, Requests for Admission, and interrogatory responses.

9. Exhibits **L-1 through L-8** are true and correct copies of credit denials, identity-verification failures, and adverse-action notices that I received when creditors or automated systems were unable to verify my identity or evaluated me based on inaccurate information furnished by Experian.

10. Exhibit **M** is a true and correct copy of Experian's suppression-code records showing how my disputes were blocked, suppressed, or closed without any reinvestigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Houston, Texas**, on 12/02/2026, 2025.


/s/ **Tremaine Manley**
Plaintiff, Pro Se