United States District Court
Southern District of Texas

**ENTERED**

June 16, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TREMAINE MANLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-25-1810 |
| | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC, *et. al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER

Pending before the Court are Experian Information Solutions, Inc.'s Motion

for Summary Judgment (Document No. 46); Plaintiff's Opposed Motion for Leave

to File Corrected Exhibit C and Limited Sur-Reply (Document No. 51); and

Plaintiff's Motion to Correct Docket and Remove Incorrect Party Designation

(Document No. 58). Having considered the motions, submissions, and applicable

law, the Court determines that Plaintiff's motion to correct the docket should be

granted, Plaintiff's motion for leave should be denied, and that Experian Information

Solutions, Inc.'s motion should be granted.

### I. BACKGROUND

This is a Fair Credit Reporting Act ("FCRA") case. Plaintiff Tremaine Manley

contends that he discovered several inaccurate entries in Defendant Experian

Information Solutions, Inc.'s ("Experian") credit file. Plaintiff alleges that, on April

1

4, 2024, he notified Experian of the inaccuracies. Plaintiff further contends that Experian refused to investigate the alleged inaccuracies.

Based on the foregoing, on April 18, 2025, Plaintiff filed suit in this Court, pursuant to federal question jurisdiction, asserting claims under the FCRA for: (1) "failure to reinvestigate[;]" (2) "failure to ensure accuracy[;]" (3) failure to provide file disclosures[;]" and (4) "willful and negligent violations[.]"[1] On February 27, 2026, Experian moved for summary judgment.[2] On March 17, 2026, Plaintiff responded in opposition.[3] On March 25, 2026, Plaintiff moved for leave to file a corrected exhibit.[4] On April 8, 2026, Plaintiff moved to correct the docket and remove an incorrect party designation.[5]

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R.

---

[1] *Plaintiff's Complaint*, Document No. 1 at 3.

[2] *See Experian Information Solutions, Inc.'s Motion for Summary Judgment*, Document No. 46 at 1.

[3] *See Plaintiff's Response in Opposition to Defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment*, Document No. 48 at 1.

[4] *See Plaintiff's Opposed Motion for Leave to File Corrected Exhibit C and Limited Sur-Reply*, Document No. 51 at 1.

[5] *See Plaintiff's Motion to Correct Docket and Remove Incorrect Party Designation*, Document No. 58 at 1.

Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite

3

scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

## III. LAW & ANALYSIS

The Court will consider the pending motions beginning with Plaintiff's Motion for Leave (Document No. 51), followed by Plaintiff's Motion to Correct the Docket (Document No. 58), and concluding with Defendant's Motion for Summary Judgment (Document No. 46). The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

*A. Plaintiff's Motion for Leave (Document No. 51)*

Plaintiff moves for leave to "file the correct Exhibit C and a limited sur-reply[.]"[6] In response, Experian contends that "Plaintiff attempts to supplement his Opposition by providing seven irrelevant pages that are clearly missing pages within

---

[6] *Plaintiff's Opposed Motion for Leave to File Corrected Exhibit C and Limited Sur-Reply*, Document No. 51 at 1.

4

the document" and that a sur-reply is not necessary in this case.[7] The Court will consider, in turn, Plaintiff's request for leave to amend and Plaintiff's request for leave to file a sur-reply.

*1. Leave to File Corrected Exhibit C*

The Court notes that Experian's motion for summary judgment was filed on February 27, 2026. Pursuant to the Southern District of Texas Local Rules, Plaintiff's response was due 21-days later on March 20, 2026. *See* S.D. Tex. Local R. 7.3. Plaintiff's response was timely filed on March 17, 2026. However, the Court further notes that Plaintiff's present motion for leave to amend his response was filed outside of the response deadline on March 25, 2026. The Court will nonetheless consider the merits of Plaintiff's motion.

Here Plaintiff contends that "[t]he docketed filing appears to reflect a clerical attachment error in which Exhibit B was duplicated and attached in place of Exhibit C[.]"[8] In response, Experian contends that "[t]he documents Plaintiff attempts to

---

[7] *Experian Information Solutions, Inc.'s Response in Opposition to Plaintiff's Motion for Leave to File Corrected Exhibit C and Limited Sur-Reply*, Document No. 54 at 2–3.

[8] *Plaintiff's Opposed Motion for Leave to File Corrected Exhibit C and Limited Sur-Reply*, Document No. 51 at 1.

supplement his Opposition as Exhibit C exclude the relevant document."[9] The Court has reviewed, in detail, the record in this matter. The Court notes that Plaintiff's response identifies the intended Exhibit C as "Experian's Automated Consumer Dispute Verification records [.]"[10] The Court notes that the Consumer Dispute Verification records ("CDV") which Plaintiff purports to identify as Exhibit C is already in the record as produced by Experian.[11] Furthermore, the Court notes that the proposed amended Exhibit C provided by Plaintiff in the present motion does not appear to be a CDV.[12] Plaintiff does not explain what this document is or how it is relevant to the current matter. As such, the Court finds that Plaintiff's proposed amended Exhibit C is not relevant to this matter. Based on the foregoing, the Court determines that Plaintiff's motion for leave to amend should be denied. The Court declines to consider Plaintiff's proposed amended Exhibit C for the purpose of the

---

[9] *Experian Information Solutions, Inc.'s Response in Opposition to Plaintiff's Motion for Leave to File Corrected Exhibit C and Limited Sur-Reply*, Document No. 54 at 2.

[10] *Plaintiff's Response in Opposition to Defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment*, Document No. 48 at 3.

[11] *See Declaration of Teresa Fievez in Support of Experian Information Solutions, Inc.'s Opposition to Plaintiff's Motion for Summary Judgment*, Document No. 47, Exhibit A at 1 (*Experian CDV*).

[12] *See Plaintiff's Opposed Motion for Leave to File Corrected Exhibit C and Limited Sur-Reply*, Document No. 51, Exhibit A at 1–7 (*Exhibit C*).

6

forthcoming motions. The Court will now consider Plaintiff's motion as it relates to leave to file a sur-reply.

### 2. Leave to File a Sur-Reply

Plaintiff moves for leave to file a sur-reply "addressing two matters raised . . . in Defendant's Reply[.]"[13] In response, Experian contends that "[r]outine disagreements with the reply or a desire to recast the record are not sufficient" to justify a sur-reply.[14] As Plaintiff notes in their motion, "[u]nder Southern District of Texas practice, a movant may file a reply, but further briefing such as a sur-reply is not automatic[.]"[15] Here, Plaintiff seeks leave to file a sur-reply addressing "(a) Defendant's contention that portions of Plaintiff's response are outside the pleadings or constitute new claims; and (b) Defendant's objection to Exhibit C based on the docketed attachment problem described above."[16] Considering the long-standing precedent that a party is not automatically entitled to a sur-reply, and considering

---

[13] *Plaintiff's Opposed Motion for Leave to File Corrected Exhibit C and Limited Sur-Reply*, Document No. 51 at 2.

[14] *Experian Information Solutions, Inc.'s Response in Opposition to Plaintiff's Motion for Leave to File Corrected Exhibit C and Limited Sur-Reply*, Document No. 54 at 3.

[15] *Plaintiff's Opposed Motion for Leave to File Corrected Exhibit C and Limited Sur-Reply*, Document No. 51 at 2.

[16] *Plaintiff's Opposed Motion for Leave to File Corrected Exhibit C and Limited Sur-Reply*, Document No. 51 at 2.

that the present motion has already been fully briefed, the Court finds that a sur-reply is not necessary in this matter. As such, the Court finds that Plaintiff's motion should be denied. The Court will now consider Plaintiff's motion to correct the docket.

### B. Plaintiff's Motion to Correct the Docket (Document No. 58)

Plaintiff moves to correct the docket and remove an incorrect party designation. The Court notes that on April 7, 2026, Plaintiff filed their First Amended Complaint.[17] However, the Court further notes that on April 8, 2026, Plaintiff filed a notice of erroneous filing contending that the First Amended Complaint was "not intended for this action[.]"[18] Also on April 8, 2026, Plaintiff filed the present motion requesting that the Court "remove or correct any incorrect reference to Navy Federal Credit Union as a defendant in this case[.]"[19] Considering that Plaintiff's Amended Complaint was not intended to be filed in this matter, the Court finds that it should be struck. As such, the Court hereby strikes Plaintiff's

---

[17] *See Plaintiff's First Amended Complaint*, Document No. 56 at 1.

[18] *Plaintiff's Notice of Erroneous Filing*, Document No. 57 at 1.

[19] *Plaintiff's Opposed Motion for Leave to File Corrected Exhibit C and Limited Sur-Reply*, Document No. 51 at 2.

Amended Complaint and notes that Plaintiff's Original Complaint remains the operative complaint in this matter.

Furthermore, the Court has reviewed the record in this matter and notes that Defendant Navy Federal Credit Union was not a defendant in this matter under Plaintiff's Original Complaint. Considering the Court's finding that Plaintiff's Original Complaint is the operative complaint in this matter, the Court finds that Navy Federal Credit Union is not a proper party to this action. As such, to the extent any claims are brought against Navy Federal Credit Union, they are dismissed. Based on the foregoing, the Court finds that Plaintiff's motion to correct the docket should be granted. The Court will now consider Experian's motion for summary judgment.

*C. Defendant's Motion for Summary Judgment (Document No. 46)*

Experian moves for summary judgment, contending that "[a]t best, Plaintiff offers completely unsupported allegations that are insufficient to create a genuine issue of fact."[20] In response, Plaintiff contends that "Experian's Motion is premised on an artificially narrow characterization of Plaintiff's claims[.]"[21]

---

[20] *Experian Information Solutions, Inc.'s Motion for Summary Judgment*, Document No. 46 at 9–10.

[21] *Plaintiff's Response in Opposition to Defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment*, Document No. 48 at 5.

9

As a preliminary matter, a party invoking federal jurisdiction bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 555 (1992) (holding that a party must establish "that they have suffered an injury in fact, *i.e.*, a concrete and particularized, actual or imminent invasion of a legally protected interest."). To establish standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (citing *Lujan*, 504 U.S. 555 at 560)).

Here, Experian contends that "Plaintiff did not suffer the concrete and particularized injury necessary to establish Article III standing."[22] In response, Plaintiff contends that "genuine disputes of material fact exist regarding action damages[.]"[23] Plaintiff's complaint alleges that "[a]s a direct and proximate result of Experian's willful and negligent violations of the FCRA, Plaintiff has suffered significant harm. He has been denied credit opportunities . . . he has experienced increased insurance premiums; and he has endured humiliation[.] Moreover, Plaintiff operates a small business and was denied a line of credit[.]"[24] Based on the

---

[22] *Experian Information Solutions, Inc.'s Motion for Summary Judgment*, Document No. 46 at 24.

[23] *Plaintiff's Response in Opposition to Defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment*, Document No. 48 at 14.

[24] *Plaintiff's Complaint*, Document No. 1 at 2–3.

10

Court's own independent review of Plaintiff's Complaint, the Court notes that Plaintiff fails to provide any supporting evidence with respect to his alleged damages.

Plaintiff contends that actual damages are present in this matter, arguing, in relevant part, that: (1) "Plaintiff's February 27, 2026 disclosure reflects a FICO Score 8 of 558, multiple charged-off accounts reporting present-tense 'Past Due' balances[;]" (2) "[e]ach hard inquiry reflects that Plaintiff's consumer report was furnished to a third-party lender[;]" and that (3) "because he was unable to obtain regular financing, he entered a substantially more expensive vehicle transaction with burdensome terms[.]"[25]Experian contends that "[n]one of the documents that Plaintiff has provided in any of his motions demonstrate a causal link between the outcomes of his reinvestigations and the alleged damages."[26] Furthermore, Experian contends that "[t]he results of Plaintiff having a low credit score because of accurate reporting are different from plausible damages based on some alleged violation of Experian."[27] The Court has conducted a thorough review of the support provided by

---

[25] *Plaintiff's Response in Opposition to Defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment*, Document No. 48 at 14–15.

[26] *Defendant Experian Information Solutions, Inc.'s Reply in Support of Motion for Summary Judgment*, Document No. 49 at 9.

[27] *Defendant Experian Information Solutions, Inc.'s Reply in Support of Motion for Summary Judgment*, Document No. 49 at 9.

11

Plaintiff in support of his damages. The Court's review reveals that none of Plaintiff's supporting evidence provide any causal link between any alleged negligence by Experian and any alleged damages.

Furthermore, to the extent that Plaintiff is contending that the charged-off accounts reporting as past due caused his alleged damages, the Court rejects such contention as an improper understanding of the law.[28] To the extent that Plaintiff is contending that the reported bankruptcies caused his alleged damages, the Court notes that Plaintiff has provided no evidence that bankruptcies were inaccurately reported.[29] Based on the foregoing, the Court finds that Plaintiff has failed to show that any alleged injuries or damages are fairly traceable to Experian.

With respect to Plaintiff's alleged emotional damages, Experian contends that "Plaintiff did not suffer the concrete and particularized injury necessary to establish

---

[28] *See Defendant Experian Information Solutions, Inc.'s Reply in Support of Motion for Summary Judgment*, Document No. 49 at 3 ("Plaintiff argues that because multiple negative tradelines in his credit report are labeled 'Account charged off' while also being labeled as 'Past Due' and that his credit report could mislead a reasonable creditor. Plaintiff's theory is not supported by law or fact.") (citation omitted) (relying on *Davidson v. Equifax Info. Servs. LLC,* No. 4:24-cv-1172-P, 2025 WL 2632407, at *19 (N.D. Tex. Aug. 14, 2025); *Thomason v. World Finance*, No. 1:23-cv-00109-ada, 2023 WL 4375499, at *8 (W.D. Tex. July 6, 2023)).

[29] *See Declaration of Teresa Fievez in Support of Experian Information Solutions, Inc.'s Opposition to Plaintiff's Motion for Summary Judgment*, Document No. 47, Exhibit 1 (*Bankruptcies Reported*) (noting "BK 7 Dismissed").

Article III standing."[30]   Experian relies on binding Fifth Circuit precedent which holds that a "plaintiff seeking emotional distress damages is required to present 'evidence of a genuine injury . . .' and to demonstrate 'a degree of specificity[.]'"[31] *Wagner v. BellSouth Telecomm., Inc.*, 520 F. App'x 295, 298 (5th Cir. 2013) (per curiam) (citation omitted). In response, Plaintiff contends that Experian's "refusal to conduct a reinvestigation . . . caused stress, anxiety, frustration, embarrassment, sleep disruption, and financial harm."[32] A review of the record in this matter reveals that Plaintiff's only support for their emotional damages is their own declaration stating nothing more than what is already contained in Plaintiff's response.[33] Based on the foregoing, and given the Fifth Circuit's clear guidance that emotional damages must be accompanied by evidence of a genuine injury and be pled with a degree of specificity, the Court finds that Plaintiff's alleged emotional damages are nothing more than speculative. As such, the Court finds that the alleged emotional

---

[30] *Experian Information Solutions, Inc.'s Motion for Summary Judgment*, Document No. 46 at 24.

[31] *Experian Information Solutions, Inc.'s Motion for Summary Judgment*, Document No. 46 at 24.

[32] *Plaintiff's Response in Opposition to Defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment*, Document No. 48 at 15.

[33] *See Plaintiff's Response in Opposition to Defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment*, Document No. 48, Exhibit G at 2 (*Manley Declaration*) ("Experian's refusal to conduct a reinvestigation, and the continued reporting of the disputed items, caused me significant stress, frustration, anxiety, [and] embarrassment[.]").

13

damages do not aid in Plaintiff's attempt to show a particularized injury required for Article III standing.

Given the Court's finding that Plaintiff has failed to show a particularized injury with respect to his emotional damages and failed to show traceability to Experian with respect to his financial damages, the Court finds that Plaintiff has failed to establish Article III standing. Based on the foregoing, and the Supreme Court's clear guidance that it is the plaintiff's burden to show that they have standing, the Court finds that Plaintiff lacks Article III standing. Thus, the Court finds that Experian's motion to dismiss should be granted.[34]

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff's Opposed Motion for Leave to File Corrected Exhibit C and Limited Sur-Reply (Document No. 51) is **DENIED**. The Court further

**ORDERS** that Plaintiff's Motion to Correct Docket and Remove Incorrect Party Designation (Document No. 58) is **GRANTED**. The Court further

**ORDERS** that Plaintiff's First Amended Complaint (Document No. 56) is hereby **STRUCK**. The Court further

---

[34] Given the Court's finding that Plaintiff lacks standing, the Court declines to consider Experian's remaining arguments related to the merits of each of Plaintiff's potential claims.

14

**ORDERS** that Plaintiff's claims against Defendant Navy Federal Credit Union, to the extent Plaintiff brings any, are hereby **DISMISSED**. The Court further

**ORDERS** that Experian Information Solutions, Inc.'s Motion for Summary Judgment (Document No. 46) is **GRANTED**. The Court further

**ORDERS** that Plaintiff's claims against Defendant Experian Information Solutions, Inc. are hereby **DISMISSED**. The Court further

**ORDERS** that all pending motions in this matter are hereby **DENIED AS MOOT**.

SIGNED at Houston, Texas, on this __16__day of June, 2026.

DAVID HITTNER
United States District Judge

15